IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHANG QIU LIN,                     :
                                   :
       Petitioner                  :
                                   :
   v.                              :   CIVIL NO. 4:CV-16-1649
                                   :
CRAIG LOWE.,                       :   (Judge Brann)
                                   :
       Respondent                  :

**MEMORANDUM**

October 26, 2016

**Background**

Chang Qiu Lin filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania,. Warden Craig Lowe of the Pike County Correctional Facility was recently deemed to be the only properly named Respondent and service of the petition was ordered.

Lin states that he is a native and citizen of China who last entered the United States in 1994. Following a state criminal conviction for possession of instruments of crime, removal proceedings were initiated against the Petitioner. According to the Petition, he has been detained by ICE since January 27, 2016. It

is alleged that ICE has been unable to timely deport Lin to China. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

**Discussion**

On October 25, 2016, Respondent filed a "Suggestion of Mootness." Doc. 9, p. 1. The notice states that Petitioner was deported from the United States and a Warrant of Removal/Deportation was executed on September 28, 2016. Accordingly, Respondent contends that since the relief sought by his pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual

controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Lin sought his immediate release from ICE detention. See Doc. 1, p. 7. A submitted copy of a Warrant of Removal issued by ICE in Petitioner's case confirms that he was removed from the United States on September 28, 2016. See Doc. 9, Exhibit A, p. 3. Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Lin's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

BY THE COURT

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge